IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARCHIBALD LINGO and<br>ARCHIE'S MARKET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-624-SLR |
| | ) | |
| DINAH LINGO, JESSICA LINGO, LINGO<br>BROS., LLC and THE ORIGINAL<br>LINGO'S MARKET, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO FIRST
## AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Dinah Lingo, Jessica Lingo, Lingo Bros., LLC and The Original Lingo's

Market, LLC (collectively, "Lingo Defendants"), by and through their undersigned counsel,

answer the First Amended Complaint ("Complaint") of Plaintiffs, Archibald Lingo and Archie's

Market, Inc. (collectively, "Archie Lingo" or "Plaintiffs") and assert counterclaims as follows:

## NATURE OF THE ACTION

1.      The Lingo Defendants admit that Plaintiffs have filed an action which seeks

damages and injunctive relief under the laws of the United States and the State of Delaware.  The

Lingo Defendants otherwise deny the allegations of paragraph 1 of the Complaint.

2.      The Lingo Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegation that Plaintiffs are in the process of securing space in

Rehoboth Beach, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of

paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      The Lingo Defendants admit that Plaintiffs have asserted claims under the laws of the United States and the State of Delaware.  The Lingo Defendants otherwise deny the allegations of paragraph 3 of the Complaint.

4.      The Lingo Defendants admit that this Court has subject matter jurisdiction over this case.  The Lingo Defendants otherwise deny the allegations of paragraph 4 of the Complaint.

5.      The Lingo Defendants admit that venue is proper in this district.  The Lingo Defendants otherwise deny the allegations of paragraph 5 of the Complaint.

**THE PARTIES**

6.       The Lingo Defendants admit that U.S. Patent and Trademark Office records state on their face that Archie Lingo is the owner of U.S. Service Mark, Reg. No. 33,553,466.  The Lingo Defendants otherwise deny the allegations of paragraph 6 of the Complaint.

7.      The Lingo Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Archie's Market, Inc. is located at 31034 Edge Wood Drive, Lewes, Delaware, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of paragraph 7 of the Complaint.

8.      The Lingo Defendants admit that Dinah Lingo is the sister of Archie Lingo and a resident of Delaware.  The Lingo Defendants further admit that Dinah Lingo purchased the space that housed the Lingo's Market business owned by Dinah Lingo and Archie Lingo's parents and that she is using the space to operate a grocery and gourmet food business.  The Lingo Defendants otherwise deny the allegations of paragraph 8 of the Complaint.

YCST01:10278396.1                                          065887.1003

9.      The Lingo Defendants admit that Jessica Lingo is a resident of Delaware.  The Lingo Defendants otherwise deny the allegations of paragraph 9 of the Complaint.

10.     The Lingo Defendants admit that Lingo Bros., LLC is a Delaware limited liability company.  The Lingo Defendants otherwise deny the allegations of paragraph 10 of the Complaint.

11.     The Lingo Defendants admit that The Original Lingo's Market, LLC is a Delaware limited liability company.  The Lingo Defendants otherwise deny the allegations of paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12.      The Lingo Defendants admit that the history of Lingo's Market dates back more than one hundred years, that William H. and Eleanor Lingo operated Lingo's Market for many years prior to 1981, and that William H. Lingo died in 1981.  The Lingo Defendants otherwise deny the allegations of paragraph 12 of the Complaint.

13.     The Lingo Defendants deny the allegations of paragraph 13 of the Complaint.

14.     The Lingo Defendants deny the allegations of paragraph 14 of the Complaint.

15.     The Lingo Defendants deny the allegations of paragraph 15 of the Complaint.

16.     The Lingo Defendants admit that the "Lingo's Market" name is well-known in the Rehoboth Beach community.  The Lingo Defendants further admit that the market has been the subject of newspaper articles and is depicted in a painting by a local artist.  The Lingo Defendants otherwise deny the allegations of paragraph 16 of the Complaint.

17.     The Lingo Defendants deny the allegations of paragraph 17 of the Complaint.

18.     The Lingo Defendants deny the allegations of paragraph 18 of the Complaint.

19.     The Lingo Defendants deny the allegations of paragraph 19 of the Complaint.

20.     The Lingo Defendants admit that U.S. Patent and Trademark Office records state on their face that Archie Lingo is the owner of U.S. Service Mark, Reg. No. 33,553,466.  The Lingo Defendants further admit that the registration is for "retail gourmet grocery store services."  The Lingo Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Exhibit A is a true and correct copy of the registration, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of paragraph 20 of the Complaint.

21.     The Lingo Defendants admit that Plaintiffs did not operate a retail grocery and gourmet food business during the 2010 season.  The Lingo Defendants further admit that, upon information and belief, Plaintiffs do not currently operate a retail grocery and gourmet food business.  The Lingo Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation about Plaintiffs' intentions for the 2011 tourist season, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of paragraph 21 of the Complaint.

22.     The Lingo Defendants admit that the "Lingo's Market" name is recognized favorably among the consuming public in the Rehoboth Beach area.  The Lingo Defendants otherwise deny the allegations of paragraph 22 of the Complaint.

23.     The Lingo Defendants admit that the "Lingo's Market" name carries intangible value.  The Lingo Defendants otherwise deny the allegations of paragraph 23 of the Complaint.

24.     The Lingo Defendants deny the allegations of paragraph 24 of the Complaint.

25.     The sentence in paragraph 25 concerning secondary meaning states a legal conclusion to which no response is required.  The Lingo Defendants otherwise deny the allegations of paragraph 25 of the Complaint.

26.     The Lingo Defendants admit that the "Lingo's Market" name is recognized among the consuming public in the Rehoboth Beach area.  The Lingo Defendants otherwise deny the allegations of paragraph 26 of the Complaint.

27.     The Lingo Defendants deny the allegations of paragraph 27 of the Complaint.

28.     The Lingo Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation about Plaintiffs' use of the "Lingo's Market" name, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of paragraph 28 of the Complaint.

29.     The Lingo Defendants admit that Archie Lingo leased the space that housed the Lingo's Market business, now owned by Dinah Lingo and formerly owned by Dinah Lingo's parents.  The Lingo Defendants further admit that Dinah Lingo purchased the space that housed the Lingo's Market business, now owned by Dinah Lingo, and formerly owned by her parents. The Lingo Defendants otherwise deny the allegations of paragraph 29 of the Complaint.

30.     The Lingo Defendants admit that Dinah Lingo operates a grocery and gourmet food business under the name "The Original Lingo's Market, Dinah H. Lingo, Sole Proprietor." The Lingo Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation about the photograph attached to the Complaint as Exhibit B, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of paragraph 30 of the Complaint.

31.     The Lingo Defendants deny the allegations of paragraph 31 of the Complaint.

32.     The Lingo Defendants admit that Lingo Bros., LLC and The Original Lingo's Market, Dinah H. Lingo, Sole Proprietor are not associated or affiliated with Plaintiffs or any alleged retail grocery and gourmet food business of Plaintiffs.  The Lingo Defendants otherwise deny the allegations of paragraph 32 of the Complaint.

065887.1003

33.     The Lingo Defendants deny the allegations of paragraph 33 of the Complaint.

34.     The Lingo Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation about invoices and account numbers assigned to Plaintiffs' alleged business, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of paragraph 34 of the Complaint.

35.     The Lingo Defendants admit that Plaintiffs do not control the nature or quality of the services that Dinah Lingo is advertising, promoting and selling.  The Lingo Defendants otherwise deny the allegations of paragraph 35 of the Complaint.

36.     The Lingo Defendants admit that Dinah Lingo is the sister of Archie Lingo.  The Lingo Defendants further admit that Exhibit D is a letter dated June 28, 2010.  The Lingo Defendants otherwise deny the allegations of paragraph 36 of the Complaint.

37.     The Lingo Defendants deny the allegations of paragraph 37of the Complaint.

38.     The Lingo Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation about Defendants' intentions to offer services under the "Lingo's Market" name, and therefore deny it.  The Lingo Defendants otherwise deny the allegations of paragraph 38 of the Complaint.

39.     The Lingo Defendants deny the allegations of paragraph 39 of the Complaint.

40.     The Lingo Defendants deny the allegations of paragraph 40 of the Complaint.

41.     The Lingo Defendants deny the allegations of paragraph 41 of the Complaint.

42.     The Lingo Defendants deny the allegations of paragraph 42 of the Complaint.

43.     The Lingo Defendants deny the allegations of paragraph 43 of the Complaint.

44.     The Lingo Defendants deny the allegations of paragraph 44 of the Complaint.

45.     The Lingo Defendants deny the allegations of paragraph 45 of the Complaint.

## COUNT I
## (<u>Federal Trademark Infringement</u>)

46.     The Lingo Defendants incorporate by reference paragraphs 1-45 above as if fully set forth herein.

47.     The Lingo Defendants deny the allegations of paragraph 47 of the Complaint.


## COUNT II
## (<u>False Designation of Origin and False Description of Goods</u>)

48.     The Lingo Defendants incorporate by reference paragraphs 1-47 above as if fully set forth herein.

49.     The Lingo Defendants deny the allegations of paragraph 49 of the Complaint.

50.     The Lingo Defendants deny the allegations of paragraph 50 of the Complaint.

## COUNT III
## (<u>Trademark Dilution in Violation of 6 *Del. C.* § 3312</u>)

51.     The Lingo Defendants incorporate by reference paragraphs 1-50 above as if fully set forth herein.

52.     The Lingo Defendants deny the allegations of paragraph 52 of the Complaint.

## COUNT IV
## (<u>Federal Trademark Dilution</u>)

53.     The Lingo Defendants incorporate by reference paragraphs 1-52 above as if fully set forth herein.

54.     The Lingo Defendants deny the allegations of paragraph 54 of the Complaint.

55.     The Lingo Defendants deny the allegations of paragraph 55 of the Complaint.

56.     The Lingo Defendants deny the allegations of paragraph 56 of the Complaint.

57.     The Lingo Defendants deny the allegations of paragraph 57 of the Complaint.

YCST01:10278396.1                                                                                            065887.1003

## COUNT V
### (<u>Common Law Trademark and Tradename Infringement</u>)

58.     The Lingo Defendants incorporate by reference paragraphs 1-57 above as if fully set forth herein.

59.     The Lingo Defendants deny the allegations of paragraph 59 of the Complaint.

60.     The Lingo Defendants deny the allegations of paragraph 60 of the Complaint.

61.     The Lingo Defendants deny the allegations of paragraph 61 of the Complaint.

## COUNT VI
### (<u>Unfair Competition in Violation of 6 *Del. C.* § 2532 and Common Law</u>)

62.     The Lingo Defendants incorporate by reference paragraphs 1-61 above as if fully set forth herein.

63.     The Lingo Defendants deny the allegations of paragraph 63 of the Complaint.

## COUNT VII
### (<u>Punitive, Exemplary and/or Treble Damages and for Attorneys' Fees and Costs</u>)

64.     The Lingo Defendants incorporate by reference paragraphs 1-63 above as if fully set forth herein.

65.     The Lingo Defendants deny the allegations of paragraph 65 of the Complaint.

66.     The Lingo Defendants deny the allegations of paragraph 66 of the Complaint.

The Lingo Defendants deny that Defendants are entitled to any of the relief requested in their Prayer for Relief, and further deny each and every allegation in the Complaint not expressly admitted or controverted above.

## <u>AFFIRMATIVE DEFENSES</u>

### <u>FIRST DEFENSE</u>
### (<u>Failure to State a Claim Upon Which Relief May be Granted</u>)

The Complaint fails to state a claim upon which relief can be granted.

YCST01:10278396.1                                                                                            065887.1003

## SECOND DEFENSE
### (Laches)

Plaintiffs' claims are barred by the doctrine of laches.

## THIRD DEFENSE
### (Estoppel and Acquiescence)

Plaintiffs' claims are barred by the doctrines of estoppel and/or acquiescence.

## FOURTH DEFENSE
### (Lack of Standing)

Plaintiffs' claims fail because he lacks standing to sue.

## FIFTH DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE
### (Lack of Ownership Rights)

Plaintiffs' claims fail because Archie Lingo is not the owner of the alleged mark, has no

rights in the alleged mark, and did not own the alleged mark (or any portion of it) when he

submitted it to the U.S. Patent and Trademark Office for registration in 2008.

## SEVENTH DEFENSE
### (Improper Trademark Registration)

Plaintiffs' claims fail because U.S. Service Mark Registration No. 33,553,466 alleged in

the Complaint is invalid and was improperly issued by the U.S. Patent and Trademark Office.

## EIGHTH DEFENSE
### (Fraud in Procurement of Trademark Registration)

Plaintiffs' claims fail because U.S. Service Mark Registration No. 33,553,466 alleged in

the Complaint was granted by the U.S. Patent and Trademark Office in reliance upon knowingly

9

false and fraudulent statements of material fact made by Archie Lingo with the intent to induce

the U.S. Patent and Trademark Office to issue said registration.

### NINTH DEFENSE
### (Fair Use Doctrine)

The Lingo Defendants alleged use of the term "Lingo's Market" is protected under the

fair use doctrine.

### TENTH DEFENSE
### (No Likelihood of Customer Confusion)

Plaintiffs' claims fail because the Lingo Defendants' alleged use of the term "Lingo's

Market" is not likely to cause customer confusion.

### ELEVENTH DEFENSE
### (Senior Common Law Trademark Rights)

Plaintiffs' claims fail because Dinah Lingo's common law trademark rights are senior to

and have priority over any rights in the alleged mark claimed by the Plaintiffs.

### COUNTERCLAIMS

The Lingo Defendants assert the following counterclaims against Plaintiffs:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the counterclaims arising under the

Lanham Act, 15 U.S.C. §§ 1119-21, 1125 and 28 U.S.C. §§ 1331 and 1338.  This Court has

subject matter jurisdiction over the counterclaims arising under the statutory and common law of

the State of Delaware pursuant to 28 U.S.C. § 1367(a).

2.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

3.      This Court has personal jurisdiction over all parties to this action.

**THE PARTIES**

4.      Lingo Bros., LLC is a limited liability company organized and existing under the laws of the State of Delaware, with the address of its registered office at 312 Salisbury Street, Rehoboth Beach, Delaware 19971.

5.      The Original Lingo's Market, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

6.      Dinah Lingo is an individual, residing at 312 Salisbury Street, Rehoboth Beach, Delaware 19971.

7.      Jessica Lingo is an individual whom resides in Sussex County, Delaware.

8.      Archie Lingo is an individual whom, upon information and belief, resides in Sussex County, Delaware.

9.      Archie's Market, Inc., upon information and belief, is a corporation organized under the laws of the State of Delaware.

**FACTUAL BACKGROUND**

10.      This dispute relates to the Lingo's Market, a grocery store at the corner of 1st Street and Baltimore Avenue in Rehoboth Beach, Delaware.  The store has been in operation at this location for more than 60 years.  During that time, the name "Lingo's Market" has been in use continuously and exclusively in connection with the operation of the Lingo's Market grocery store.  For the past 35 years, the store has operated at least 100 days per year between late May and mid-September.

11.      Prior to 1981, the Lingo's Market business was jointly owned and operated by William H. and Eleanor Lingo.  Also prior to 1981, the "Lingo's Market" mark was used by William H. and Eleanor Lingo in connection with their operation of their business.   When

YCST01:10278396.1                                                                                         065887.1003

William Lingo died in 1981, his joint ownership interest (with Eleanor Lingo) in the Lingo's Market business passed to Eleanor Lingo.  When Eleanor Lingo died in 2009, the ownership interest in the Lingo Market business passed to Dinah Lingo pursuant to the terms of Eleanor Lingo's will.

12.    Between 1981 and 2005, Eleanor Lingo worked at the store every day it was open.  During that time, she was not compensated for her work at the market, except for during the pendency of Archie Lingo's divorce when she received all the profits of the market.

13.    Between 1981 and 2005, Archie Lingo managed the store and operated it on a day-to-day basis with Eleanor Lingo.  During that time, Archie Lingo paid rent to Eleanor Lingo and the trust of $50,000 per year.

14.    During the time Archie Lingo managed and operated the Lingo's Market business, he never acquired or obtained any ownership rights to the business or to any trademarks or other intangible property associated with the business.  Indeed, there are no documents indicating that any portion of the ownership of the Lingo's Market business or any trademark or other intangible property rights were transferred to Archie Lingo prior to Eleanor Lingo's death in November 2009.

15.    Notwithstanding the foregoing, in December 2008, Archie Lingo knowingly misrepresented to the U.S. Patent and Trademark Office that, among other things, he was the owner of the Lingo's Market business and obtained a federally registered mark for "Lingo's Market."  Archie Lingo also knowingly misrepresented that the  "Lingo's Market" mark was first used in 1981 and failed to disclose to the U.S. Patent and Trademark Office that the mark had been used continuously and exclusively in connection with the operation of the Lingo's Market grocery store located at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware for

12

at least 70 years prior to  his attempt to register the mark, and alleged date of first use of the mark.

16.     Upon Eleanor Lingo's death in 2009, her assets, including her ownership interest in the Lingo's Market business and all other intangible property associated with the business, including the common law mark "Lingo's Market," passed and were distributed to Dinah Lingo.

17.      In May 2010, Dinah Lingo purchased the space that housed the Lingo's Market business owned by her late parents, where she now owns and operates a grocery and gourmet food business under the name "The Original Lingo's Market, Dinah Lingo, Sole Proprietor."

18.     Upon information and belief, Archie Lingo does not currently own or operate a retail grocery market and/or gourmet food business of any kind.

## COUNT I
### (<u>Cancellation of Archie Lingo's Registration</u>)

19.     The Lingo Defendants hereby reallege and incorporate by reference, as if fully set forth herein, the allegations of their Affirmative Defenses and paragraphs 1-18 of their Counterclaims above.

20.      Dinah Lingo is likely to be damaged by continued registration of U.S. Service Mark Registration No. 33,553,466 alleged in the Complaint in that Dinah Lingo owns and controls the common law mark "Lingo's Market," which was in use continuously in connection with the operation of the Lingo's Market grocery store located at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware for at least 70 years before Archie Lingo obtained said registration and prior to Archie Lingo's alleged date of first use of the mark, and which Dinah Lingo has a valid and legal right to describe by use of the term registered as a mark by Archie Lingo.

YCST01:10278396.1                                                                                                          065887.1003

21.     Dinah Lingo is likely to be damaged by continued registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Dinah Lingo's right to descriptive use of said term.

## COUNT II
### (Damages for False and Fraudulent Registration)

22.     The Lingo Defendants hereby reallege and incorporate by reference, as if fully set forth herein, the allegations of their Affirmative Defenses and paragraphs 1-21 of their Counterclaims above.

23.     In December 2008, in order to obtain federal registration of U.S. Service Mark Registration No. 33,553,466, Archie Lingo knowingly misrepresented material facts to the U.S. Patent and Trademark Office including that, among other things, he was the owner of the "Lingo's Market" mark.

24.     In addition, to procure registration, Archie Lingo knowingly misrepresented to the U.S. Patent and Trademark Office that the  "Lingo's Market" mark was first used in 1981. Archie Lingo also knowingly failed to disclose to the U.S. Patent and Trademark Office that the "Lingo's Market" mark had been used continuously and exclusively in connection with the operation of the Lingo's Market grocery store located at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware for at least 70 years prior to his attempt to register the mark and prior to his alleged date of first use.

25.     Archie Lingo knowingly made these false and fraudulent statements to the U.S. Patent and Trademark Office with the intent to induce the U.S. Patent and Trademark Office to issue a service mark registration.

26.     The U.S. Patent and Trademark Office relied upon Archie Lingo's false and fraudulent statements to grant U.S. Service Mark Registration No. 33,553,466.

YCST01:10278396.1                                                     065887.1003

27.     Dinah Lingo has been damaged by Archie Lingo's knowingly false and fraudulent statements  and the registration issued in reliance thereon in that Dinah Lingo owns and controls the senior common law mark "Lingo's Market," which has continuously and exclusively been in use in connection with the operation of the Lingo's Market grocery store located at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware for at least 70 years before Archie Lingo obtained said registration and prior to Archie Lingo's alleged date of first use of the mark, and Dinah Lingo's continued and legal use of said term will be impaired by the continued registration of U.S. Service Mark Registration No. 33,553,466.

28.     Dinah Lingo has been further damaged by Archie Lingo's false and fraudulent statements and the registration issued in reliance thereon in that Dinah Lingo has, upon information and belief, lost sales to customers and been notified by vendors who have been misinformed by Archie Lingo of infringement litigation, and in that the Lingo Defendants have been and will continue to be forced to incur substantial expenses in the defense of the present suit.

29.     Said procurement by Archie Lingo of registration of U.S. Service Mark Registration No. 33,553,466 in the U.S. Patent and Trademark Office by said false and fraudulent declarations and representations renders Archie Lingo liable to the Lingo Defendants for damages sustained as a consequence thereof under 15 U.S.C. § 1120 and/or any other applicable provisions or doctrines of federal and state law.

## COUNT III
### (Declaratory Judgment of Senior Common Law Trademark Rights)

30.     The Lingo Defendants hereby reallege and incorporate by reference, as if fully set forth herein, the allegations of their Affirmative Defenses and paragraphs 1-29 of their Counterclaims above.

065887.1003

31.     The term "Lingo's Market" is a common law trademark and/or service mark and trade name.

32.     The "Lingo's Market" name is recognized favorably among the consuming public in Rehoboth Beach, Delaware and the surrounding area.

33.     The "Lingo's Market" name carries intangible value.

34.     Dinah Lingo owns and controls the common law mark "Lingo's Market."

35.     The "Lingo's Market" mark was in use continuously and exclusively in connection with the operation of the Lingo's Market grocery store located at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware for at least 70 years before Archie Lingo obtained registration of U.S. Service Mark Registration No. 33,553,466 and prior to Archie Lingo's alleged date of first use of the mark.

36.     Dinah Lingo is entitled to a judicial declaration that she owns the common law trademark "Lingo's Market" and that her rights are senior to and have priority over any trademark rights alleged by Archie Lingo.

## COUNT IV
### (Declaratory Judgment of Non-Infringement)

37.     The Lingo Defendants hereby reallege and incorporate by reference, as if fully set forth herein, the allegations of their Affirmative Defenses and paragraphs 1-36 of their Counterclaims above.

38.     Dinah Lingo owns the senior common law mark "Lingo's Market," which has continuously been in use in connection with the operation of the Lingo's Market grocery store located at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware for at least 70 years before Archie Lingo obtained registration of U.S. Service Mark Registration No. 33,553,466 and prior to Archie Lingo's alleged date of first use of the mark.

YCST01:10278396.1                                                                                              065887.1003

39.     Dinah Lingo is entitled to a judicial declaration that her use of the "Lingo's Market" mark has priority over and does not infringe Archie Lingo's alleged mark under either federal, state or common law.

## COUNT V
### (Declaratory Judgment of No Likelihood of Confusion)

40.     The Lingo Defendants hereby reallege and incorporate by reference, as if fully set forth herein, the allegations of their Affirmative Defenses and paragraphs 1-39 of their Counterclaims above.

41.     Dinah Lingo owns and operates a grocery and gourmet food business under the name "The Original Lingo's Market, Dinah Lingo, Sole Proprietor" at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware.

42.     Upon information and belief, Archie Lingo does not presently own or operate a retail grocery and gourmet food business of any kind.

43.     Dinah Lingo is entitled to a judicial declaration that there exists no likelihood of customer confusion between the name "Lingo's Market" and her use of the name "The Original Lingo's Market, Dinah Lingo, Sole Proprietor."

44.     Alternatively, should the Court conclude otherwise, as set forth in Count IV of the Counterclaims below, Archie Lingo's use of the "Lingo's Market" name constitutes an infringement of Dinah Lingo's common law rights in the "Lingo's Market" name.  Thus, Dinah Lingo is entitled to a permanent injunction enjoining Archie Lingo from using the "Lingo's Market" name as he alleges in the Complaint

YCST01:10278396.1                                                                                                    065887.1003

## COUNT VI
## (<u>Common Law Trademark and Tradename Infringement</u>)

45.     The Lingo Defendants hereby reallege and incorporate by reference, as if fully set forth herein, the allegations of their Affirmative Defenses and paragraphs 1-44 of their Counterclaims above.

46.     The term "Lingo's Market" is a common law trademark and/or service mark and trade name.

47.     Dinah Lingo owns the common law mark "Lingo's Market."

48.     The "Lingo's Market" mark was in use continuously and exclusively in connection with the operation of the Lingo's Market grocery store located at the corner of 1st Street and Baltimore Avenue in Rehoboth, Delaware long before Archie Lingo's alleged first use of the "Lingo's Market" name in 1981, and long before Archie Lingo obtained registration of U.S. Service Mark Registration No. 33,553,466 in 2008.

49.     Archie Lingo's use of the "Lingo's Market" name constitutes an infringement of Dinah Lingo's common law rights in the "Lingo's Market" name, or in the alternative, Archie Lingo's use of the alleged mark is junior to Dinah Lingo's common law trademark rights to the mark.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Lingo Defendants pray that this Court:

(a)     dismiss Plaintiffs' claims in their entirety and with prejudice;

(b)     deny all remedies and relief sought by Plaintiffs;

(c)     enter judgment in favor of the Lingo Defendants and against Plaintiffs on all claims and counterclaims;

(d)    exercise its power under 15 U.S.C. § 1119, to order the Commissioner of

Patents and Trademarks to cancel the registration of U.S. Service Mark Registration No.

33,553,466;

(e)    award damages to the Lingo Defendants under 15 U.S.C. § 1120 for

damages sustained as a result of Archie Lingo's false and fraudulent statements to the U.S.

Patent and Trademark Office;

(f)    adjudge and declare that Dinah Lingo owns the common law mark

"Lingo's Market" and that her rights are senior to any rights alleged by Plaintiffs;

(g)    adjudge and declare that Dinah Lingo's use of the "Lingo's Market" mark

does not infringe Archie Lingo's alleged mark under federal law or at common law;

(h)    adjudge and declare that there exists no likelihood of customer confusion

between the name "Lingo's Market" and Dinah Lingo's use of the name "The Original Lingo's

Market, Dinah Lingo, Sole Proprietor," or alternatively, adjudge and declare that Plaintiffs' use

of the "Lingo's Market" name constitutes an infringement of Dinah Lingo's common law rights

in the "Lingo's Market" name;

(i)    award compensatory, exemplary, punitive and treble damages for

Plaintiff's intentional, willful, bad-faith, malicious and wrongful conduct;

(j)    enter a permanent injunction enjoining and restraining Plaintiffs and their

affiliates, associates, officers, agents, servants, employees and those persons in privity, acting in

concert or participation with Plaintiffs from:

(1)    using the "Lingo's Market" name or any mark confusingly similar

in association or connection with any business, facilities, operations, goods or services;

19

(2)      committing any act that infringes or dilutes Dinah Lingo's common law "Lingo's Market" mark; and

(3)      unfairly competing with Dinah Lingo and using the "Lingo's Market" name;

(k)      award expenses and costs of this civil action together with reasonable attorneys' fees to the Lingo Defendants; and

(l)      grant such other and further relief as it shall deem just, equitable and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Monté T. Squire*
_____

Richard A. Zappa (No. 528)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*rzappa@ycst.com*
*apoff@ycst.com*
*msquire@ycst.com*

*Attorneys for Defendants*

Dated: October 15, 2010

20

065887.1003

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on October 15, 2010, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Matthew Neiderman, Esquire
Katharine V. Jackson, Esquire
Duane Morris, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*mneiderman@duanemorris.com*
*kjackson@duanemorris.com*

I further certify that on October 15, 2010, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following:

Anthony L Gallia, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196
*algallia@duanemorris.com*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Monté T. Squire*
Richard A. Zappa (No. 0528)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*rzappa@ycst.com*
*apoff@ycst.com*
*msquire@ycst.com*

Dated: October 15, 2010                    *Attorneys for Defendants*